UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE INSURANCE COMPANY OF THE STATE  :
OF PENNSYLVANIA,                                                      :
                                                                                          :
      Plaintiff,  : 1:12-cv-06651-VM
                                                                                          :
    vs.      :
                                                                                          :
TIG INSURANCE COMPANY (as successor by   :
merger to INTERNATIONAL SURPLUS LINES    :
INSURANCE COMPANY),                                              :
                                                                                          :
      Defendant. :
                                                                                          :
-----------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**


SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Plaintiff The Insurance*
*Company of the State of Pennsylvania*

Andrew S. Amer,
Gregory P. Szewczyk,
 *Counsel.*

## **TABLE OF CONTENTS**

    **Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT .................................................................................................................................4

    I.    THE SERVICE OF SUIT CLAUSE REQUIRES REMAND UNDER
          CONTROLLING SECOND CIRCUIT PRECEDENT ...........................................4

    II.   THE SERVICE OF SUIT CLAUSE DOES NOT PROVIDE FOR ANY
          EXCEPTIONS OR LIMITATIONS FOR CASES INVOLVING
          MULTIPLE REINSURANCE POLICIES ...............................................................6

CONCLUSION ..............................................................................................................................8

# **TABLE OF AUTHORITIES**

## Cases

*Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.2d 86 (2d Cir. 2004) ........................... 4

*City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 135th Cir. (1991) ................................................ 5

*Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907 (S.D.N.Y. 2004) ......... 7

*Dinallo v. Dunav Ins. Co.*, 402 Fed. Appx. 595 (2d Cir. 2010) ............................................... 1, 5

*Dinallo v. Dunav Ins. Co.*, 672 F. Supp. 2d 368 (S.D.N.Y. 2009) ................................................ 5

*Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207 (3d Cir. 1991) ..................................................... 5

*Gen. Phoenix Corp. v. Malyon*, 88 F. Supp. 502 (S.D.N.Y. 1949) .......................................... 1, 5

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112 (2d Cir. 2007) .............. 4, 8

*Lavan Petroleum Co. v. Underwriters at Lloyd's*, 334 F. Supp. 1069 (S.D.N.Y. 1971) ............... 1

*Russell Corp. v. AETNA Cas. & Surety Co., et al.*, No. CV-99-N-3269-S (N.D. Ala. June 30, 2000) ......... 6

*Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001) ....................... 5, 6, 7

*Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28 (2002) .......................................................... 4

*The Ins. Co. of the State of Pa. v. TIG Ins. Co.*, 1:12-cv-06651-VM (S.D.N.Y. filed Aug. 1, 2012, removed Aug. 30, 2012) ................................................................................................. 3, 4

*Travelers Ins. Co. v. Keeling*, 996 F.2d 1485 (2d Cir. 1993) .................................................. 1, 5

*Unigard Sec. Ins. Co., Inc. v. North River Ins. Co.*, 4 F.3d 1049 (2d. Cir. 1993) ......................... 2

*Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995) ............................... 7

## Statutes

28 U.S.C. § 1447(c) .................................................................................................................. 1, 8

BLACK'S LAW DICTIONARY (9th ed. 2009) ...................................................................................... 2

Plaintiff The Insurance Company of the State of Pennsylvania ("ICSOP") respectfully submits this memorandum, along with the Affidavit of Judith A. Harnadek, sworn to on September 26, 2012 (the "Harnadek Aff."), in support of its motion to remand this case to New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

## PRELIMINARY STATEMENT

Remand is required by virtue of the "Service of Suit" clause contained in two of the reinsurance contracts between the parties. Pursuant to that clause, Defendant TIG Insurance Company ("TIG")[1] agreed that, in the event of the failure of TIG to pay any amount claimed to be due under the contracts, TIG would submit to the jurisdiction of ICSOP's choice and comply with all requirements necessary to give such court jurisdiction, that all matters arising under the contracts would be determined in accordance with the law and practices of that court, and that TIG would abide by the final decision of that court. The Service of Suit clause contains no exceptions for cases that also encompass disputes under other reinsurance contracts between the parties without a Service of Suit clause.

The Second Circuit and this Court have expressly held that service of suit clauses identical to those in the parties' reinsurance contracts operate to waive a defendant's right of removal. *See Dinallo v. Dunav Ins. Co.*, 402 Fed. Appx. 595, 596 (2d Cir. 2010) (*citing Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1489-90 (2d Cir. 1993); *Gen. Phoenix Corp. v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949)); *see also Lavan Petroleum Co. v. Underwriters at Lloyd's*, 334 F. Supp. 1069, 1073-74 (S.D.N.Y. 1971). Thus, by including the Service of Suit clause in two of the contracts in dispute, TIG waived any right of removal, and this case must be remanded to New York Supreme Court—the jurisdiction chosen by ICSOP to adjudicate the

---

[1] TIG is the successor by merger to International Surplus Lines Insurance Company, the party which originally issued the reinsurance contracts to ICSOP. For the purposes of this motion, ICSOP will refer to the reinsurer throughout the relevant time period as TIG.

1

parties' disputes arising from TIG's failure to pay.

## STATEMENT OF FACTS

This action arises out of TIG's failure to honor its contractual obligations under reinsurance contracts issued by TIG to ICSOP to reinsure a portion of excess insurance policies issued by ICSOP to underlying insureds. More specifically, in the 1970s and 1980s, ICSOP issued certain excess insurance policies (the "Excess Policies") to C.F. Braun & Company and Kaiser Cement Corporation (collectively, the "Insureds"). *See* Harnadek Aff. at ¶ 3. The Excess Policies provided coverage above comprehensive general liability primary coverage issued by others to the Insureds. *See id.*

During the 1970s, TIG agreed to reinsure ICSOP for losses paid under the Excess Policies pursuant to six facultative reinsurance certificates[2] with varying per occurrence and aggregate limits ("Certificates"). *See id.* at ¶ 4. Two of the Certificates contain an identical Service of Suit clause, which provides:

> It is agreed that in the event of the failure of [TIG] to pay any amount claimed to be due hereunder, ***[TIG], at the request of the [ICSOP], will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practices of such Court***. . . . and that in any suit . . . [TIG] will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

---

[2] A reinsurance contract is an arrangement whereby one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed under the insurance policies it has issued to third parties. "Facultative reinsurance" applies to a single policy or risk and is negotiated on an individual basis by the cedent and the reinsurer, and is generally memorialized in a written contract known as a "facultative certificate." *See generally* BLACK'S LAW DICTIONARY (9th ed. 2009), reinsurance, facultative certificate; *see also Unigard Sec. Ins. Co., Inc. v. North River Ins. Co.*, 4 F.3d 1049, 1053-54 (2d. Cir. 1993).

2

See Harnadek Aff., Exs. A at 3; B at 3 (emphasis added).[3]  The Service of Suit clause does not contain any exceptions for cases involving multiple policies where some of the policies do not contain a Service of Suit clause, nor does any exception appear anywhere else in any of the Certificates.

Beginning in the early 1980s, numerous plaintiffs began filing asbestos-related bodily injury suits against the Insureds, exhausting the limits of their comprehensive general liability primary coverage.  *See* Harnadek Aff., Ex. C at ¶¶ 24, 42.  The Insureds brought declaratory judgment and breach of contract actions against ICSOP seeking damages and declarations under the Excess Policies with respect to ICSOP's obligations to provide coverage for their asbestos-related liabilities.  *See* Harnadek Aff. at ¶ 6.  ICSOP and the Insureds eventually entered into settlements whereby ICSOP agreed to pay confidential sums to the Insureds in satisfaction of ICSOP's obligations under the Excess Policies.  *See id.* at ¶ 7.

After complying with all of its obligations under the Certificates, ICSOP submitted various reinsurance billings to TIG seeking to recover reinsurance for TIG's share of the payments made under the settlements pursuant to the Certificates.  *See id.* at ¶ 8.  In response, TIG refused to pay ICSOP's billings, prompting ICSOP to file this action in the forum of its choice, the Supreme Court of the State of New York, County of New York.  *See* Complaint, *The Ins. Co. of the State of Pa. v. TIG Ins. Co.*, 1:12-cv-06651-VM (S.D.N.Y. filed Aug. 1, 2012, removed Aug. 30, 2012).  Notwithstanding its agreement in the Service of Suit clauses to submit to the jurisdiction of the New York Supreme Court and comply with all requirements necessary to give the New York Supreme Court jurisdiction over this matter, and to permit this action to be determined by the New York Civil Practice Law and Rules, TIG removed this case to federal

---

[3]   ICSOP affirmatively pled the existence and substance of the Service of Suit clause in the Complaint.  *See* Harnadek Aff., Ex. C at ¶ 21.

3

court on August 30, 2012.  Notice of Removal, *The Ins. Co. of the State of Pa. v. TIG Ins. Co.*, 1:12-cv-06651-VM (S.D.N.Y. filed Aug. 30, 2012).

For the reasons below, the Court should grant ICSOP's motion to remand this action to the New York Supreme Court in accordance with TIG's express undertaking in the Service of Suit clauses to submit to, and stay in, the forum chosen by ICSOP.

## ARGUMENT

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.2d 86, 100 (2d Cir. 2004) (citation omitted).  "'[S]tatutory procedures for removal are to be strictly construed,'" and "out of respect for the limited jurisdiction of the federal courts and the rights of the states," a court "must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (*quoting Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

Here, removal was improper because the Service of Suit clause contained in two of the Certificates requires TIG to submit to, and stay in, any court of competent jurisdiction chosen by ICSOP; under controlling precedent in this Circuit, this clause operates as a waiver of TIG's right to remove.  TIG therefore cannot satisfy its heavy burden and the case should be remanded to ICSOP's chosen forum, New York Supreme Court.

**I.  THE SERVICE OF SUIT CLAUSE REQUIRES REMAND UNDER CONTROLLING SECOND CIRCUIT PRECEDENT**

Under settled Second Circuit precedent, this case must be remanded by virtue of the Service of Suit clause contained in two of the Certificates, pursuant to which TIG waived any right of removal.

In *Dinallo v. Dunav Ins. Co.*, this Court analyzed a service of suit clause identical

4

to that in two of the Certificates and unequivocally held that "[t]his service of suit clause operates as a waiver of the defendant's right to remove to federal court." 672 F. Supp. 2d 368, 370 (S.D.N.Y. 2009). The Court then went on to hold that "[b]y removing this case from state court, the defendant is acting inconsistently with its contractual obligation to 'comply with all requirements necessary to give [the New York Supreme] Court jurisdiction' and frustrating the court's ability to render a 'final decision.'" *Id.* (citation omitted).

The Second Circuit affirmed this Court's ruling in *Dinallo*, holding that "for the same reasons articulated by the district court in its well-reasoned opinion . . . the service of suit provision unambiguously waives [defendant's] right of removal." *Dinallo v. Dunav Ins. Co.*, 402 Fed. Appx. 595, 596 (2d Cir. 2010). The Second Circuit noted that "case law in this Circuit and in our sister Circuits amply supports this interpretation of the provision." *Id.* (*citing Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1489-90 (2d Cir. 1993); *Gen. Phoenix Corp. v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991)).

The Service of Suit clause at issue here is identical to the service of suit clause at issue in *Dinallo*. *Compare Dinallo*, 672 F. Supp. 2d at 370 *with* Harnadek Aff., Exs. A at 3; B at 3. Thus, under clear and controlling Second Circuit case law, the Service of Suit clause in the Certificates "operates as a waiver of removal rights," and "[b]y removing this case from state court, [TIG] is acting inconsistently with its contractual obligation to 'comply with all requirements necessary it give [the New York Supreme] Court jurisdiction.'" *Dinallo*, 672 F. Supp. 2d at 370. Simply put, Second Circuit precedent requires that this case be remanded.

5

## II. THE SERVICE OF SUIT CLAUSE DOES NOT PROVIDE FOR ANY EXCEPTIONS OR LIMITATIONS FOR CASES INVOLVING MULTIPLE REINSURANCE POLICIES

TIG undeniably agreed that ICSOP had the right to select the court in which disputes concerning the two Certificates with Service of Suit clauses would be adjudicated, and those clauses contain no exceptions or limitations for cases involving multiple reinsurance contracts. It is therefore immaterial that some of the Certificates at issue in this action do not contain such provisions—TIG has waived its right to remove *any action* arising from TIG's failure to pay under the two Certificates with Service of Suit clauses, which clearly encompasses this case despite the inclusion in the complaint of other disputes under other Certificates.

Although the Second Circuit has not specifically addressed motions to remand under circumstances where some, but not all, of the disputed contracts contain service of suit clauses, the Second Circuit has favorably cited an Eleventh Circuit opinion that is directly on point. *See Dinallo*, 402 Fed. Appx. at 596 (*citing generally Russell v. Am. Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001)). In *Russell*, the insured brought a state court action against 23 insurers seeking coverage determinations on 79 policies; one of three policies issued by insurer First State contained an operable service of suit clause. 264 F.3d at 1042; *see also Russell Corp. v. AETNA Cas. & Surety Co., et al.*, No. CV-99-N-3269-S, slip op. at 8 (N.D. Ala. June 30, 2000). Two other insurers removed the case on diversity grounds and the insured filed a motion to remand. *See Russell*, 264 F.3d at 1042. The district court found that because one of the three policies issued by First State contained a service of suit clause, First State had no right to grant consent to remove, and therefore the case had to be remanded to state court. *See id.* at 1046-47.

On appeal, First State argued, *inter alia*, that it retained the right to remove because only one of its three policies contained a service of suit clause. *See id.* The Eleventh Circuit expressly rejected that argument in affirming the remand order, holding that "First State

6

clearly granted [the insured] the power to select the court in which disputes concerning the policy in question would be adjudicated, *and the clause in question contains no exception for cases involving other First State policies.*" *Russell*, 264 F.3d at 1046-47 (emphasis added). Considering the "presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to resolved in favor of remand," the Eleventh Circuit found that the case must be remanded, even though all but one of the 79 policies issued by all but one of the 23 defendant insurers did not contain a service of suit clause. *Id.* at 1050.

Here, as with First State in *Russell*, TIG clearly granted ICSOP the power to select the court in which disputes concerning two of the Certificates would be adjudicated. And, as in *Russell*, the Service of Suit clause here does not contain any exceptions for cases involving other reinsurance contracts. *See* Harnadek Aff., Exs. A at 3; B at 3. The Court should follow the same reasoning and result as the Eleventh Circuit in *Russell*.

Moreover, TIG has no colorable argument against remand based on any potential claim of prejudice were this Court to follow the holding in *Russell*. First, remanding this case to the New York Supreme Court would not deprive TIG of an adequate forum or remedy, nor would it foreclose a remedy or defense under a particular statute. *See Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528 (1995) (choice of forum agreement would be condemned if it operated as prospective waiver to party's right to pursue statutory remedies under the Carriage of Goods by Sea Act). Second, TIG cannot plausibly contend that it has any real concern about possible state court bias because it already agreed in two of the Certificates to submit to, and stay in, whatever state court of competent jurisdiction ICSOP selects. *See Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907 (S.D.N.Y. 2004) ("The historical justification for diversity jurisdiction was to protect out-of-state litigants from prejudice thought

7

to be found in state courts."). Further, the Services of Suit clause in the Certificates are on TIG's *own* forms. *See* Harnadek Aff. at ¶ 5; Exs. A at 3; B at 3. If TIG had any real concern about submitting to the jurisdiction of state court, it never would have included this Service of Suit clause in the Certificates in the first instance.

Considering that TIG waived its right to remove *any action* arising from TIG's failure to pay under two of the Certificates, without exceptions or limitations for actions involving other reinsurance contracts, and precedent requiring that a court "*must resolve any doubts against removability*," *In re MTBE Prods. Liab. Litig.*, 448 F.3d at 124 (citation omitted) (emphasis added), the Court should remand this case to the New York Supreme Court.

## CONCLUSION

For the foregoing reasons, Plaintiff ICSOP respectfully requests that the Court issue an order, pursuant to 28 U.S.C. § 1447(c), remanding this case to the New York Supreme Court, New York County and awarding costs and attorney's fees on this motion.

Dated: September 27, 2012
   New York, New York

SIMPSON THACHER & BARTLETT LLP

/s/ Andrew S. Amer
Andrew S. Amer
Gregory P. Szewczyk
425 Lexington Avenue
New York, N.Y. 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
aamer@stblaw.com
gszewczyk@stblaw.com

*Attorneys for Plaintiff The Insurance Company of the State of Pennsylvania*